NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-0430-16T1

STATE OF NEW JERSEY,

 Plaintiff-Respondent,

v.

GLENROY A. DEER,

 Defendant-Appellant.
_______________________________

 Submitted August 1, 2017 – Decided August 8, 2017

 Before Judges Sabatino and Whipple.

 On appeal from Superior Court of New Jersey,
 Law Division, Essex County, Indictment Nos.
 88-10-3258 and 86-04-1304.

 Joseph E. Krakora, Public Defender, attorney
 for appellant (Karen A. Lodeserto, Designated
 Counsel, on the brief).

 Robert D. Laurino, Acting Essex County
 Prosecutor, attorney for respondent (Frank J.
 Ducoat, Special Deputy Attorney
 General/Acting Assistant Prosecutor, of
 counsel and on the brief).

PER CURIAM
 Defendant Glenroy Deer appeals the trial court's decision for

post-conviction relief ("PCR") relating to his respective 1987 and

1989 convictions of various offenses. We affirm.

 Although the documentation in the present appellate record

is not comprehensive, it appears that defendant pled guilty in

July 1987 to second-degree possession of a controlled dangerous

substance with the intent to distribute, N.J.S.A. 24:21-19(a)(1),

and was sentenced to a one-year period of probation. Thereafter,

defendant was tried on separate charges and a jury in April 1989

found him guilty of second-degree possession of a weapon for an

unlawful purpose, N.J.S.A. 2C:39-4(a), and third-degree unlawful

possession of a handgun, N.J.S.A. 2C:39-5(b). The trial court in

that weapons case sentenced defendant to a seven-year custodial

term with a three-year parole ineligibility period. Defendant

unsuccessfully appealed his 1989 conviction and sentence to this

court, and certification was subsequently denied. State v. Deer,

122 N.J. 322 (1990).

 In 1993, while defendant was still serving his sentence,

federal officials deported him to Jamaica.1 Twenty-one years

later, defendant filed his first PCR petition. In his petition,

he alleges that his respective attorneys in the 1987 drug case and

1
 Defendant's present whereabouts are unclear from the record
supplied to us.

 2 A-0430-16T1
in the 1989 weapons case were constitutionally ineffective.

Specifically, defendant contends that those prior attorneys failed

to advise him about the deportation consequences that would ensue

upon conviction, despite requests he allegedly made to them for

advice concerning the consequences.

 In an effort to excuse his long delay in filing his PCR

petition, defendant asserts that he did not discover the

availability of PCR until after he had been deported. He maintains

that his alleged ignorance of the PCR process amounts to "excusable

neglect" under Rule 3:22-12(a)(1), and thus permits the courts to

provide him with a remedy despite the substantial passage of time.

 After considering defendant's arguments and the State's

opposition, Judge Siobhan A. Teare issued an oral opinion on August

23, 2016, concluding that defendant's petition was time-barred and

also lacked merit. Among other things, the judge found that

defendant had failed to demonstrate excusable neglect to overcome

the five-year time bar of Rule 3:22-12. Additionally, the judge

found that defendant's petition substantively lacked merit because

he failed to show by a preponderance of the evidence that his

prior counsel had affirmatively provided him with "misadvice"

concerning deportation consequences. Consequently, the judge

discerned no need to conduct an evidentiary hearing.

 3 A-0430-16T1
 In his present brief on appeal, defendant raises the following

points for our consideration:

 POINT ONE

 DEFENDANT SHOULD BE ENTITLED TO AN EVIDENTIARY
 HEARING UNDER STATE V. GAITAN AND UNITED
 STATES V. OROCIO.

 POINT TWO

 THE FIVE-YEAR TIME BAR SHOULD BE RELAXED DUE
 TO DEFENDANT'S EXCUSABLE NEGLECT AND/OR THE
 INTERESTS OF JUSTICE.

Having considered these arguments in light of the record and the

applicable law, we affirm the dismissal of defendant's PCR

petition. We do so substantially for the reasons noted by Judge

Teare. We add only a few comments.

 Rule 3:22-12 plainly requires that a first petition for PCR

be filed within five years after the date of a defendant's

conviction, unless the defendant establishes that his delay beyond

that deadline was due to "excusable neglect" and there also is "a

reasonable probability that if the defendant's factual assertions

were found to be true enforcement of the [five-year] time bar

would result in a fundamental injustice." "Absent compelling,

extenuating circumstances, the burden to justify filing a petition

after the five-year period will increase with the extent of the

delay." State v. Milne, 178 N.J. 486, 492 (2004) (quoting State

v. Afanador, 151 N.J. 41, 52 (1997)).

 4 A-0430-16T1
 Here, defendant has not proven the required elements of

excusable neglect and fundamental injustice to excuse his delay

of over two decades in pursuing relief from his 1987 and 1989

convictions. His vague and unsubstantiated allegation that he was

not provided with proper advice in the late 1980s by his former

counsel concerning deportation consequences is insufficient to

overcome the extreme untimeliness of his petition. See, e.g.,

State v. Brewster, 429 N.J. Super. 387, 400-01 (App. Div. 2013)

(concluding that the defendant in that case, who delayed twelve

years before filing a PCR petition concerning deportation

consequences, had not shown either excusable neglect or a

fundamental injustice).

 Apart from this procedural infirmity, defendant's substantive

claims of his counsel's alleged ineffectiveness are insufficient

to warrant an evidentiary hearing, let alone an order setting

aside his prior convictions. Because defendant was convicted long

before the United States Supreme Court issued its seminal 2010

opinion in Padilla v. Kentucky, 559 U.S. 356, 367, 130 S. Ct.

1473, 1482, 176 L. Ed. 2d 284, 294 (2010) concerning deportation

consequences to a criminal defendant, his claims are governed by

the standards of State v. Nuñez-Valdéz, 200 N.J. 129 (2009). Under

those pre-Padilla standards, a defendant seeking relief based upon

post-conviction deportation consequences can only prevail if he

 5 A-0430-16T1
demonstrates that his prior counsel provided him with

affirmatively misleading advice about such consequences flowing

from a guilty plea. Id. at 139-43, see also State v. Santos, 210

N.J. 129, 143 (2012).

 At most, defendant's petition alludes vaguely and generically

to his former attorneys' failure to tell him about deportation

consequences. Such "bald assertions" of ineffectiveness are

inadequate to support a prima facie claim. State v. Cummings, 321

N.J. Super. 154, 170 (App. Div.), certif. denied, 162 N.J. 199

(1999); see also State v. Porter, 216 N.J. 343, 349 (2013).

 Moreover, unlike the circumstances recently discussed in Lee

v. United States, ___ U.S. ___, ___ S. Ct. ___, ___ L. Ed. 2d ___

(2017) (slip op. at 10)--in which the government conceded that the

defendant's prior counsel had performed deficiently in mistakenly

assuring him that he would not be deported if he pled guilty--we

need not reach in the present case whether defendant was actually

prejudiced by attorney error because no such error has been proven.

 To the extent we have not commented on other contentions

subsumed within defendant's brief, we reject them as

unmeritorious. R. 2:11-3(e)(2).

 Affirmed.

 6 A-0430-16T1